Honorable Bob Bullock Comptroller of Public Accounts L.B.J. State Office Building Austin, Texas 78774
Re: Whether the comptroller may engage in inter-fund borrowing against constitutionally created and dedicated funds to cover deficits in the General Fund
Dear Mr. Bullock:
You inform us that, pursuant to article 4344c, V.T.C.S., which authorizes the comptroller of public accounts and the state treasurer to engage in inter-fund borrowing from certain state funds, money has been borrowed from the fund designated Highway Fund No. 006. This highway fund is comprised of federal, state constitutional, and state statutory money. See Attorney General Opinion Nos. JM-323, JM-321 (1985). You inform us that the only money heretofore borrowed has been state statutory money and the money received from the federal government that is intended to reimburse the state pursuant to the Federal Highway Act,23 U.S.C. § 101 et seq. (1982). The comptroller is required by appropriations act rider to credit such federal money to the specific fund from which the original expenditure was made. Acts 1985, 69th Leg., 3rd C.S., ch. 13, art. V, § 20, at 594-95. You ask the following question: "May I inter-fund borrow against constitutionally created and dedicated funds to cover deficits in the General Fund?" The answer is "no."
Article 4344c, V.T.C.S., permits the transfer of surplus cash between funds in the state treasury in certain instances. Section 1 of article 4344c provides the following:
 Section 1. The comptroller of public accounts, with the consent of the State Treasurer, may transfer surplus cash, excluding constitutionally dedicated revenues, between funds in the State Treasury. Those transfers are authorized to allow effective management of the cash flow of the General Revenue Fund and to avoid temporary cash deficiency in the General Revenue Fund. The comptroller shall return the surplus cash to the fund from which it was transferred as soon as practicable. The comptroller shall preserve the fund equity and the State Treasurer shall allocate the depository interest as if the transfers had not been made. (Emphasis added).
By the clear terms of the statute, you may not engage in inter-fund borrowing of constitutionally dedicated revenues.
We note that, even in the absence of the above underscored language in section 1 of article 4344c, V.T.C.S., constitutionally dedicated revenues deposited in the state treasury could not be borrowed. The Texas Constitution imposes specific limitations on the scope of the transfers that could be authorized by any statute. Article VIII, section 7, of the Texas Constitution sets forth the following:
 The legislature shall not have power to borrow, or in any manner divert from its purpose, any special fund that may, or ought to, come into the Treasury; and shall make it penal for any person or persons to borrow, withhold or in any manner to divert from its purpose any special fund, or any part thereof.
The Texas Supreme Court has concluded that article VIII, section7, of the Texas Constitution applies only to constitutional funds, not to statutory funds. Brazos River Conservation and Reclamation District v. McCraw, 91 S.W.2d 665 (Tex. 1936). Specifically, the court has held that article VIII, section 7, does not apply to special funds created by statute. Gulf Insurance Co. v. James, 185 S.W.2d 966 (Tex. 1945). See also Attorney General Opinion Nos. JM-566, JM-539 (1986); JM-323,JM-321 (1985); V-107 (1947); O-2302 (1940). Any statute that purported to authorize the borrowing of constitutionally dedicated revenues would violate article VIII, section 7, of the Texas Constitution.
 SUMMARY
By the clear terms of article 4344c, V.T.C.S., the comptroller of public accounts and the state treasurer may not engage in inter-fund borrowing of constitutionally dedicated revenues. Any statute purporting to permit such a practice would violate article VIII, section 7, of the Texas Constitution.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General